IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT BOATRIGHT,**

                Plaintiff,

                              CIVIL ACTION
    vs.                            No. 05-3183-GTV

**LARNED STATE HOSPITAL, et al.,**

                Defendants.

## ORDER

This matter is before the court on a complaint filed under 42 U.S.C. 1983 by a person confined in the Sexual Predator Treatment Program at Larned State Hospital in Larned, Kansas. Having reviewed the record, the court grants plaintiff leave to proceed in forma pauperis under 28 U.S.C. 1915. Because it appears plaintiff is not a "prisoner,"[1] plaintiff incurs no obligation to pay the full $250.00 district court filing fee in this matter, nor is plaintiff required to demonstrate his exhaustion of administrative remedies prior to filing the instant action in federal court. See 28 U.S.C. 1915(b)(prisoner fee obligation) and 42 U.S.C. 1997e(a)(prisoner exhaustion requirement), each as amended by the Prison Litigation Reform Act effective April 26, 1996.

---

[1] A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. 1915(h).

Nonetheless, because plaintiff proceeds pro se, the court is required to dismiss this action at any time if the court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. 1915(e)(2)(B).[2]

In the complaint, plaintiff seeks damages and injunctive relief on allegations that between August and October 2004 unidentified nursing staff at the Larned facility stole plaintiff's narcotic medication and substituted Tylenol for treatment of plaintiff's pain.  Plaintiff claims this conduct, combined with delay and inappropriate attention by other staff to his complaints, constituted deliberate indifference to his serious medical needs.

"To state a claim under [42 U.S.C.] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  It is recognized that "deliberate indifference" to the serious medical needs of a

---

[2] Courts have determined that 28 U.S.C. 1915(e)(2)(B) applies to nonprisoners proceeding in forma pauperis.  See e.g., Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231-33 (5th Cir. 2002)(affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under 28 U.S.C. 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-206 (2nd Cir. 2002)(affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)).

prisoner constitutes cruel and unusual punishment proscribed by the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). This same "deliberate indifference" standard is applied to circumstances not involving "punishment" under the Eighth Amendment. See <u>Barrie v. Grand County, Utah</u>, 119 F.3d 862, 868-69 (10th Cir. 1997)(claim on behalf of jail detainee suicide is considered under deliberate indifference standard, not objective reasonableness standard of 4th amendment).

However, plaintiff names only "Larned State Hospital" and "Larned State Hospital employees" as defendants in his complaint. The hospital facility itself is not a proper defendant because it is not an entity that can sue or be sued. See <u>e.g.</u>, <u>Marsden v. Fed. Bureau of Prisons</u>, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"). To seek damages and other relief against any specific hospital employees, plaintiff must identify each defendant sufficiently to allow service of process, and must allege each defendant's personal participation in the deprivation of plaintiff's constitutional rights. See <u>Foote v. Spiegel</u>, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under 42 U.S.C. 1983 must be based on personal involvement in the alleged constitutional violation."); <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996)("[P]ersonal participation is an essential allegation in a section 1983 claim.").

Accordingly, the court grants plaintiff an opportunity to amend the complaint to avoid dismissal of the complaint as

stating no claim for relief, 28 U.S.C. 1915(e)(2)(B)(ii).  The failure to file a timely response may result in this matter being dismissed without prejudice and without further prior notice to plaintiff.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to amend the complaint to avoid dismissal of the complaint as stating no claim for relief.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 9th day of May 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge
