```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ROBERT BOATRIGHT,**

                  **Plaintiff,**

                                                  **CIVIL ACTION**
      **vs.**                                                  **No. 05-3183-GTV**

**LARNED STATE HOSPITAL, et al.,**

                  **Defendants.**

<u>**ORDER**</u>

     Plaintiff is a person confined in the Sexual Predator Treatment Program at Larned State Hospital which is operated by Kansas Department of Social and Rehabilitation Services (SRS). He proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983. Plaintiff seeks damages and injunctive relief on allegations that between August and October 2004 unidentified nursing staff at the Larned facility stole plaintiff's narcotic medication and substituted Tylenol for treatment of plaintiff's pain. Plaintiff claims this conduct, combined with delay and inappropriate attention by other unidentified staff to his complaints, constituted deliberate indifference to his serious medical needs.

     By an order dated May 9, 2005, the court directed plaintiff to amend the complaint to avoid dismissal of the complaint because the hospital facility was not a proper defendant, and because the only other defendant named in the complaint was unidentified hospital staff.

     In response, plaintiff filed a motion for appointment of counsel, a motion for an extension of time to prepare and submit

discovery requests, and a motion for an order to compel SRS officials to produce requested documents.

Plaintiff's attempt to seek discovery prior to service of summons and complaint on any defendant is premature. Rule 26(d) expressly states that parties may not conduct discovery prior to the discovery conference provided in Rule 26(f). Plaintiff's motions are denied without prejudice.

Plaintiff has not yet amended the complaint to name a defendant who can be served with summons and the complaint. As previously stated by the court, the failure to do so can result in the dismissal of this action without prejudice and without further prior notice to plaintiff. To the extent plaintiff's allegations and pleadings suggest that plaintiff is seeking relief from SRS, as the employer of unidentified Larned medical staff, plaintiff is granted additional time to amend the complaint to name this defendant.

IT IS THEREFORE ORDERED that plaintiff's motion for extension of time (Doc. 7), motion for discovery (Doc. 8), and motion for appointment of counsel (Doc. 9) are denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to amend the complaint to name a proper defendant.

**IT IS SO ORDERED.**

DATED: This 1st day of February 2006 at Topeka, Kansas.

  s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge

2