IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT BOATRIGHT,

          Plaintiff,

    v.                                              Case No. 05-3183-JAR

LARNED STATE HOSPITAL, et al.,

          Defendants.

### ORDER

This matter comes before the court upon plaintiff's Response (Doc. 35) to defendants' Answer (Doc. 34) which the clerk's office simultaneous filed as plaintiff's Motion to Amend Complaint and Motion to Appoint Expert (Doc. 36). Also pending before the court is plaintiff's Motion for Order of Discovery (Doc. 40). These issues are ripe for decision.

On April 20, 2007 the court held a telephone scheduling conference with the parties. Many of the issues raised in plaintiff's motions were discussed at that time. As explained below the court denies plaintiff's motions.

**Standard**

The court is mindful that plaintiff is proceeding *pro se* and thus his filings should be liberally construed and held to a less stringent standard.[1] This requires the court to look past any confusion of legal theories or a failure to cite proper legal authority.[2] Despite this liberal construction, "the court will not construct arguments or theories for the plaintiff in the absence of

---

[1] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

any discussion of those issues."[3]

### Motion to Amend Complaint (Doc. 36).

To the extent that plaintiff seeks "Amended Request for Relief"[4] plaintiff may file a motion for leave to amend his complaint. As discussed during the parties' scheduling conference and provided in the scheduling order[5] plaintiff may file a motion for leave to amend his pleadings by May 10, 2007 and "[d]efendant has agreed to not oppose plaintiff's motion to amend his complaint to include additional relief."[6] Accordingly, the court denies plaintiff's motion as moot to the extent it seeks amended relief.

### Motion to Appoint Expert (Doc. 36).

Plaintiff's motion asks the court to "appoint expert to examine the plaintiff in this matter."[7] Plaintiff's motion, however, offers no explanation as to why the court should appoint an expert on plaintiff's behalf. During the parties' telephone scheduling conference, plaintiff informed the court that should he be required to undergo a physical examination pursuant to Rule 35, then he would like to have his own expert evaluate his condition. Plaintiff also informed the court that he would be unable to provide funds to pay for such an expert.

Pursuant to Fed. R. Evid. 706(b), the court may appoint an expert witness on its own motion or on the motion of a party. Furthermore, the court may require the payment of expert

---

[3] *Id.*

[4] *See* Motion (Doc. 36) at p. 16).

[5] *See* Scheduling Order (Doc. 45).

[6] *Id.* at 8.

[7] *Id.* at 1.

2

fees in advance.[8] While the court is permitted to appoint an expert witness under Fed. R. Evid. 706, such appointment is within the discretion of the court.[9] "Generally, if scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue, a court will utilize expert witnesses."[10] "The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view."[11]

"Where such an expert is appointed, his or her compensation is to be paid by the parties; however, where, in this action, one of the parties is indigent, in compelling circumstances the court may assess the entire costs of the expert's compensation to the other party."[12] However, "[a]s a general matter, the court concludes that such measures should be taken sparingly, particularly given the large volume of indigent prisoner cases and the substantial expense that defendant or the court would have to bear if the court were to appoint an expert."[13]

Here, plaintiff has offered no reason as to why appointment of an expert on his behalf is necessary or warranted. Because plaintiff's claims are straightforward and do not present any complex matters for determination, the court concludes that it should not exercise its discretion

---

[8] *Id.*

[9] *Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997).

[10] *Id.* at 358-59.

[11] *Pabon v. Goord*, No. 99 Civ. 5869 (WHP) (THK), 2001 U.S. Dist. LEXIS 10685, at *3 (S.D.N.Y. July 27, 2001) (citing *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997)).

[12] *Wolters v. Conner*, 2005 U.S. Dist. LEXIS 41575 at * 3 (D. Kan. April 15, 2005)(citation omitted).

[13] *Id.*

to appoint an expert in this matter pursuant to Fed. R. Evid. 706.

Moreover, even if the court determined that expert testimony was appropriate, the Tenth Circuit has held that "§ 1915's waiver of prepayment of fees or costs' does not authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding in forma pauperis."[14] Because plaintiff has failed to demonstrate his entitlement to have expert witness fees waived or paid at defendant's or the court's expense, plaintiff's motion for appointment of counsel is further unjustified.

Accordingly, plaintiff's motion to appoint expert (Doc. 36) is denied.

**Motion for Order of Discovery (Doc. 40)**

Here, plaintiff asserts that in the *Martinez* report, Dr. Fernando stated that "this summary does not include any of my medical consultations and examinations." Consequently, plaintiff seeks "an order for the defendant to submit all medical consults submitted to outside consultations by Dr. Fernando, and reports of all examinations of same."

Defendant filed a response to the present motion on April 9, 2007, more than 14 days after the filing of the present motion.[15] Under D. Kan. 6.1(d)(1) responses to non-dispositive motions are to be filed within 14 days of the filing of the original motion. Normally, "[t]he failure to file a brief or response within the time specified with Rule 6.1(d) shall constitute a waiver of the right thereafter to filed such a brief or response except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will

---

[14] *Id.* at 6-7(citing *Hooper v. Tulsa County Sherriff Dep't*, 113 F.3d 1246, 1997 U.S. App. LEXIS 18490 (10th Cir. 1997).

[15] *See* Response (Doc. 42).

be granted without further notice."[16] Defendants' late response offers no reason as to why their response was filed outside the time allowed under our local rules.

Despite defendants' failure, the court will not grant plaintiff's motion without further notice. Here, plaintiff did not follow the procedure outlined in Fed. R. Civ. P. 34 which governs the production of documents. Moreover, plaintiff did not consult with defendants prior to the filing of the present motion.[17]

As a result, the court shall deny plaintiff's Motion for Order of Discovery without prejudice. Plaintiff may seek this information as a request for production pursuant to Fed. R. Civ. P. 34. If plaintiff has consulted with defendant pursuant to D. Kan. Rule 37.2 and if defendant will not produce documents responsive to plaintiff's Rule 34 request, the court would entertain a motion to compel defendants to produce such documents at that time..

Accordingly,

**IT IS THEREFORE ORDERED** that the court denies plaintiff's Motion to Amend Complaint and Motion to Appoint Expert (Doc. 36).

**IT IS FURTHER ORDERED** that plaintiff's Motion for Order of Discovery (Doc. 40) is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 27h day of April, 2007.

---

[16] *See* D. Kan. Rule 7.4

[17] D. Kan. R. 37.2 provides in part: "The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.

                                            s/ K. Gary Sebelius  
                                           K. GARY SEBELIUS  
                                           United States Magistrate Judge