IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT BOATRIGHT,

                Plaintiff,

        v.                                      Case No. 05-3183-JAR

LARNED STATE HOSPITAL, et al.,

                Defendants.

## **ORDER**

This matter comes before the court on plaintiff's Motion to Amend Pleadings (Doc. 63). Defendant Bell has filed a timely response (Doc. 65). Plaintiff has not filed a reply and the time to do so has passed.[1] As a result, these matters are thus fully briefed and ripe for disposition.

### I.      Background

On May 14, 2007, plaintiff filed a Motion to Amend Pleadings (Doc. 49). On June 1, 2007 the court granted in part and denied in part plaintiff's motion (Doc. 51). In its order, the court noted that the during the parties' Telephone Scheduling Conference and provided for in the Scheduling Order, plaintiff could file a motion for leave to amend his pleadings by May 10, 2007 and "[d]efendant has agreed to not oppose plaintiff's motion to amend his complaint to include additional relief."[2] In fact, defendants had failed to file a response in opposition to plaintiff's Motion to Amend (Doc. 49), and as such the court deemed plaintiff's motion uncontested. To that end, the court stated:

---

[1] *Id.*

[2] *See* Scheduling Order (Doc. 45).

The court is inclined to afford plaintiff leave to amend his pleadings. However, plaintiff failed to submit a *complete amended pleading along with this motion*. The only additional relief sought in the present motion is a request for $20,000 in punitive and $20,000 in compensatory damages and that "court to order that Larned State Hospital or it's agent leave any compensatory damages awarded me alone as Dr. Herman had threatened plaintiff with several times if they had to pay the plaintiff; and any other relief the court may deem just for compensation for plaintiffs pain and suffering."[3] As the court believes these to be the only proposed amendments to plaintiff's complaint, *the court will order plaintiff to provide an amended complaint to the court by **June 22, 2007** that constitutes the substance of plaintiff's original complaint and includes the limited additions sought in the present motion*.[4]

On June 20, 2007, plaintiff filed the present motion, page four of which is titled "Amended Request for Relief." This "Amended Request for Relief" is nearly identical to the first page of his May 10, 2007 Motion to Amend Pleadings.[5] Despite the court's ruling, in the present motion plaintiff has not included a "complete amended pleading" wherein he restated the entire substance of his original complaint and the limited additions sought in his previous motion.

Defendant Bell argues that because she has already filed for a motion for summary judgment based on plaintiff's complaint on file, permitting plaintiff to amend at this juncture would cause her substantial prejudice. Defendant Bell's also argues that the court should deny the present motion because plaintiff has failed to comply with D. Kan. Rule 15.1 as he failed to attach a copy of his proposed amended complaint.

## II.    Standard

As a preliminary matter, the court is mindful that plaintiff is proceeding *pro se* and thus his

---

[3] *See* Motion to Amend Pleadings (Doc. 49).

[4] Order (Doc. 51) at p. 3 (emphasis added).

[5] *See* Motion to Amend Pleadings (Doc. 49) at p. 1; Motion to Amend Pleadings (Doc. 63) at p. 4.

filings should be liberally construed and held to a less stringent standard.[6]  This requires the court look past any confusion of legal theories or a failure to cite proper legal authority.[7]  Despite this liberal construction, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[8]

Fed. R. Civ. P. 15 controls the procedure for amending the pleadings.  Rule 15(a) states, in pertinent part, that after a responsive pleading: "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[9]  In considering whether to grant leave to amend, the court evaluates several factors including whether the amendment will cause undue delay or prejudice to the non-moving party.[10]

### III.    Discussion

As to defendant Bell's claim of prejudice the court is preplexed.  As explained above, on June 1, 2007, the court granted in part and denied in part (Doc. 51) plaintiff's Motion to Amend (Doc. 49) and allowed plaintiff to file his complete Second Amended Complaint by June 22, 2007.  Rather than waiting until after plaintiff had filed his Second Amended Complaint, defendant Bell chose to file her Motion for Summary Judgment (Doc. 53) based on plaintiff's First Amended Complaint on June 7, 2007.

Moreover, plaintiff's proposed amended complaint seeks only to amend the damage portion

---

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[8] *Id.*

[9] Fed. R. Civ. P. 15(a).

[10] *Little v. Reed-Prentice Div. Of Package Mach. Co.*, 131 F.R.D. 591, 593 (D. Kan. 1990)  (citations omitted).

of his original complaint.  In the court's estimation, allowing plaintiff to amend his complaint merely to add additional damages could have no impact on defendant Bell's arguments as to qualified immunity and the applicability of the Eighth and Fifth Amendments raised in her Motion for Summary Judgment.[11]

However, defendant Bell is correct that plaintiff has failed to comply with D. Kan. Rule 15.1 which provides in part: "a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right shall set forth a concise statement of the amendment or leave sought to be allowed *with the proposed pleading attached*."[12]

Here, plaintiff failed to attach his proposed amended complaint.  However, in this instance, the court will allow plaintiff to follow the directive of D. Kan. Rule 15.1 and by requiring him to submit his proposed Amended Complaint to the court as a complete proposed pleading.

The only additional relief sought in the present motion is a request for $20,000 in punitive and $20,000 in compensatory damages and that "court to order that Larned State Hospital or it's agent leave any compensatory damages awarded me alone as Dr. Herman had threatened plaintiff with several times if they had to pay the plaintiff; and any other relief the court may deem just for compensation for plaintiffs pain and suffering." As the court believes these to be the only proposed amendments to plaintiff's complaint, the court will order plaintiff to provide a complete amended complaint to the court by **August 17, 2007** that constitutes the entire substance of plaintiff's original complaint and includes the limited additions sought in the present motion.

However, the court cautions plaintiff that if he fails to integrate the additional relief he seeks

---

[11]*See* Motion for Summary Judgment (Doc. 53) and Memorandum in Support (Doc. 54).

[12](emphasis added).

into his original complaint so that one whole and complete document can be submitted to the court as his amended complaint, the court will not grant a subsequent motion to amend to seek these additional damages.

Accordingly,

IT IS THEREFORE ORDERED that plaintiff's Motion to Amend Pleadings (Doc. 63) is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff file his original pleading which incorporates his proposed amendments as his amended complaint by **August 17, 2007.**

IT IS SO ORDERED.

Dated this 31st day of July, 2007, at Topeka, Kansas.

  s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge