IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT BOATRIGHT,
                Plaintiff,

v.                                          Case No. 05-3183-JAR

LARNED STATE HOSPITAL, et al.,

                Defendants.

**ORDER**

These matters comes before the court on plaintiff's Motion for Filing Out of Time (Doc. 70); Motion for Filing Out of Time (Doc. 78); Motion to Including [sic] Additional Defendants (Doc. 79); and defendants' Motion for Extension of Time (Doc. 75). Defendants have filed a response to plaintiff's Motion to Including [sic] Additional Defendants (Doc. 79). The court finds further briefing on these issues unnecessary and is prepared to rule. Moreover, the time to file a response to the other motions has expired.[1] As a result, these matters are fully briefed and ripe for disposition.

**I.    Background**

On April 20, 2007, the undersigned held a telephone scheduling conference[2] resulting in the parties' Scheduling Order.[3] The Scheduling Order established several deadlines including: (1) May 10, 2007 to file any motions to join additional parties or otherwise amend the pleadings; (2) August 31, 2007 for the completion of all discovery; and (3) July 23, 2007 for the parties to supplement their disclosures.

On May 14, 2007, plaintiff filed a Motion to Amend Pleadings (Doc. 49). On June 1, 2007

---

[1]*See* D. Kan. Rule 6.1(d)(1).

[2]Minute Entry (Doc. 44).

[3]*See* Scheduling Order (Doc. 45).

the court granted in part and denied in part plaintiff's motion.[4] In its order, the court noted that during the parties' Telephone Scheduling Conference and documented in the Scheduling Order, plaintiff could file a motion for leave to amend his pleadings by May 10, 2007 and "[d]efendant has agreed to not oppose plaintiff's motion to amend his complaint to include additional relief."[5] In fact, defendants did not file a response in opposition to plaintiff's Motion to Amend (Doc. 49), and as such the court deemed plaintiff's motion uncontested. To that end, the court stated:

> The court is inclined to afford plaintiff leave to amend his pleadings. However, plaintiff failed to submit a *complete amended pleading along with this motion*. The only additional relief sought in the present motion is a request for $20,000 in punitive and $20,000 in compensatory damages and that "court to order that Larned State Hospital or it's agent leave any compensatory damages awarded me alone as Dr. Herman had threatened plaintiff with several times if they had to pay the plaintiff; and any other relief the court may deem just for compensation for plaintiffs pain and suffering."[6] *As the court believes these to be the only proposed amendments* to plaintiff's complaint, the court will order plaintiff to provide an amended complaint to the court by **June 22, 2007** that constitutes the substance of plaintiff's original complaint and includes the limited additions sought in the present motion.[7]

On June 20, 2007, plaintiff filed another motion titled "Amended Request for Relief." This "Amended Request for Relief" was nearly identical to the first page of plaintiff's May 10, 2007 Motion to Amend Pleadings.[8] However, plaintiff again failed to included a "complete amended pleading."

As a result, on July 31, 2007, the court granted in part and denied in part plaintiff's June 20,

---

[4]*See* Order (Doc. 51).

[5]*Id.*

[6] *See* Motion to Amend Pleadings (Doc. 49).

[7]Order (Doc. 51) at p. 3 (emphasis added).

[8]*See* Motion to Amend Pleadings (Doc. 49) at p. 1; Motion to Amend Pleadings (Doc. 63) at p. 4.

2

2007 "Amended Request for Relief." Because the court believed plaintiff was only seeking additional damages, as plaintiff had sought in his May 14, 2007 motion, the court allowed plaintiff until August 17, 2007 to provide the court with a "complete amended complaint . . . that constitutes the entire substance of plaintiff's original complaint and includes the limited additions sought in the present motion."[9] However, the court "caution[ed] plaintiff that if he fail[ed] to integrate the additional relief he seeks into his original complaint so that one whole and complete document can be submitted to the court as his amended complaint, the court w[ould] not grant a subsequent motion to amend to seek these additional damages."[10]

## II.   Discussion

As a general matter, the court is mindful that plaintiff is proceeding *pro se* and thus his filings should be liberally construed and held to a less stringent standard.[11] This requires the court look past any confusion of legal theories or a failure to cite proper legal authority.[12] Despite this liberal construction, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[13]

---

[9] Order (Doc. 68) at p. 4.

[10] *Id.* at p. 4-5.

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[13] *Id.*

**A.    Plaintiff's Motion for Filing Out of Time (Doc. 70); defendants' Motion for Extension of Time (Doc. 75); and plaintiff's Motion for Filing Out of Time (Doc. 78).**

Defendants have not filed a response to plaintiff's Motion for Filing Out of Time (Doc. 70) and plaintiff's Motion for Filing out of Time (Doc. 78). So too, plaintiff has not filed a response to defendants' Motion for Extension of Time (Doc. 75). Pursuant to D. Kan. Rule 6.1(d)(1) the time to respond to these motions has passed.

Generally, "[t]he failure to file a brief or response within the time specified with Rule 6.1(d) shall constitute a waiver of the right thereafter to filed such a brief or response except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[14] The court has indicated in previous orders that unopposed motions are normally routinely granted.[15]

**1.    Plaintiff's Motion to File Out of Time (Doc. 70).**

Plaintiff's Motion to File Out of Time (Doc. 70), filed August 14, 2007, seeks permission to "file" out of time "his supplemental disclosures which were due to be submitted July 23, 2007."[16]

D. Kan. Rule 6.1(a) provides that "Extensions will not be granted unless the motion is made *before* the expiration of the specified time, except upon a showing of excusable neglect."[17]

---

[14]*See* D. Kan. Rule 7.4.

[15]*See* Order (Doc. 47) at p. 4-5 (citing D. Kan. Rules 6.1(d) and 7.4)).

[16]Plaintiff is correct that the Scheduling Order required the parties to supplement their disclosures by July 23, 2007. Scheduling Order (Doc. 45).

[17](Emphasis added). *See also* Fed. R. Civ. P. 6(b) ("When . . . by order of court an act is required or allowed to be done at or within a specified time, the court for cause may . . . upon motion made after the expiration of the specified period permit the act to be done where the

However, excusable neglect is an elastic concept.[18] Ultimately, determining whether the movant has demonstrated excusable neglect rests on principles of equity.[19] To that end, the court should consider all relevant circumstances surrounding the party's omission including: (1) the danger of prejudice; (2) the length of dely and its potential impact on judicial proceedings; (3) the reasons for the delay including whether it was within the reasonable control of the movant and (4) whether the party acted in good faith.[20]

Plaintiff "asserts that his delays were due to circumstances beyond his control. Plaintiff asserts that due to administrative staff had [sic] denied plaintiff paper or access to a computer to get his motions filed on time, the situations are cited in detail in his motion."[21] Because defendants have not filed a response to the instant motion the court is without knowledge of defendants' position as to whether the reasons for plaintiff's untimely submission were within his control. As a result, the court finds plaintiff has demonstrated sufficient excusable neglect and excuses his untimely submission[22] of his supplemental disclosures.

### 2. Defendants' Motion for Extension of Time (Doc. 75).

---

failure to act was the result of excusable neglect.").

[18]*Semorth v. City of Wichita*, No. 06-2376-KHV, 2007 U.S. Dist. LEXIS 64415 at *5 (D. Kan. August 29, 2007)(citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs., L.P.*, 507 U.S. 380, 392 (1993)).

[19]*Coleman v. Blue Cross Blue Shield of Kansas, Inc*., No. 05-4149-JAR, 2007 U.S. Dist. LEXIS 36315 at *12-13 (D. Kan. May 16, 2007 ).

[20]*Id.* at *13 (citing *Bishop v. Corsentino*, 371 F.3d 1203, 1206-1207 (10th Cir. 2004)).

[21]Motion to File Out of Time (Doc. 70) at p. 1.

[22]Plaintiff need only submit his disclosures to defendants, not file them with the court.

Plaintiff filed a Motion for Contempt of Court (Doc. 74) on August 13, 2007. Under D. Kan. Rule 6.1(d)(1), defendants' response was due August 27, 2007. Defendants timely filed the instant Motion for Extension of Time (Doc. 75) on August 14, 2007 seeking to extend this deadline to an unspecified date.

Defendants inform that they believe plaintiff's Motion for Contempt "is filed in bad faith and is without merit or entitlement to relief" and have "submit[ed] a 'safe harbor' letter to Plaintiff demanding the withdrawal of this motion pursuant to Fed. R. Civ. P. 11."[23] As such, defendants contend that their requested extension will "permit Plaintiff the opportunity to withdraw his motion and relieve Defendant the burden of response."[24]

Here, in light of plaintiff's lack of opposition to the instant motion, the court finds good cause to grant defendants' timely motion for extension of time. However, the court does not grant open-ended extensions of deadlines. As a result, the court will require defendants to filed their response, if any, to the plaintiff's Motion for Contempt (Doc 74) within eleven (11) days of the issuance of this order.

**3.     Plaintiff's Motion for Filing Out of Time (Doc. 78).**

Plaintiff's Motion for Filing Out of Time (Doc. 78) filed August 22, 2007, states:

Comes Now, Robert Boatright, plaintiff, pro se, and requests this honorable court for permission to file his amended complaint in it's [sic] entirety. Plaintiff asserts that he has been confused as to what the court was asking of him and is still not sure in regards to amending his complaint. Plaintiff asserts that the patients have no legal source to turn to for advice in our legal matters and there is no law library to speak of. The law books available for the patients amount to approximately 20 books and the majority of them are outdated. Plaintiff can only hope that this is what the court was looking for in regards to an amended

---

[23]Motion for Extension of Time (Doc. 75) at p. 1.

[24]*Id.*

complaint.

Plaintiff then attaches an "Amended Complaint" wherein he "asserts that this amended complaint herein is his response to the defendants [sic] summary judgment issues of qualified immunity, the eighth amendment, and fifth amendment, and to include the fourteenth amendments of the United States Constitution."[25]  Plaintiff's "Amended Complaint" includes "Monetary damages for pain and suffering of $20,000.00 from each defendant" but does not include the $20,000 in punitive damages as plaintiff had originally sought.[26]  Plaintiff's "Amended Complaint" also seeks to include Dr. Leo Herman and Mrs. Jeannie Flemik as defendants.

As detailed below, the court denies plaintiff's Motion to File Out of Time (Doc. 78) for several reasons.  First, the court directed plaintiff to submit his proposed amended complaint by August 17, 2007 and the instant motion was untimely filed on August 22, 2007.[27]  Unlike plaintiff's Motion to File Out of Time (Doc. 70) plaintiff offers no reason in the instant motion as to why his proposed amended complaint is untimely.  As such, the court finds plaintiff has failed to demonstrate excusable neglect and under D. Kan. Rule 6.1(a) and Fed. Rule Civ. P. 6(b).

The court also denies plaintiff's motion because, as the court warned plaintiff in its July 31, 2007 order, plaintiff failed "to integrate the additional relief he seeks into his original complaint so that one whole and complete document can be submitted to the court as his amended complaint" and as such "the court will not grant a subsequent motion to amend to seek these additional damages."[28]

---

[25]Motion for Filing Out of Time (Doc .78) at (Exhibit 1).

[26]*Id.* at (Exhibit 1) p. 15.

[27]*See* Order (Doc. 68).

[28] *Id.* at p. 4-5.

Finally, plaintiff's proposed Amended Complaint is not a complaint so much as a response to defendants' dispositive motion. The court afforded plaintiff leave to submit a proposed Amended Complaint containing the "limited additions sought" in plaintiff's June 20, 2007 and May 14, 2007 motions, i.e., the inclusion of certain damages.[29] The court's July 31, 2007 order did not permit plaintiff to file a response to defendants' dispositive motion via an amended complaint and it did not allow plaintiff to include additional defendants.

### B. Plaintiff's Motion to Including [sic] Additional Defendants (Doc. 79).

Plaintiff's Motion to Including [sic] Additional Defendants (Doc. 79) seeks to include Dr. Leo Herman, the administer for the sexual predator program, and Mrs. Jeannie Flemik, nurse supervisor. Plaintiff's motion explains that both Mr. Herman and Ms. Flemik "are implicated in plaintiff's immediate matters in count one and two and are directly involved, plaintiff has included them in his amended complaint in it's [sic] entirety, attached. Plaintiff's suit against the above, and Lisa Bell, are being held liable in their individual capacity."[30]

Plaintiff's proposed Amended Complaint, already disallowed by the court in the instant motion, states under "Issue I: Qualified Immunity" plaintiff states in part:

> Plaintiff asserts that the qualified immunity claim does not apply in this matter as plaintiff is seeking monetary damages in suit of the plaintiff Lisa Bell, additional defendants which plaintiff includes in these matters at this time due their actions and/or statements surrounding the issues in their entirety in plaintiffs [sic] claim, Dr. Leo Herman, director of the sexual predator program, to which as plaintiff has pointed out in his original complaint where Dr. Herman had came to plaintiff several times trying to ask him what he would take to drop his suit. Plaintiff alleges Dr. Herman was acting under the color of state law when he made the coercive statements after plaintiff would not succumb to his bargaining, defendant Dr. Herman overstepped his authority when he finalized his meeting by telling plaintiff "that it

---

[29]Memorandum and Order (Doc. 68) at p. 4.

[30]Motion to Including Additional Defendants (Doc. 79).

8

didn't matter anyway because 'they' said that if they have to pay me that they were going to take it back by charging plaintiff for care and treatment [.]"[31]

Under the same heading, plaintiff also states:

Plaintiff also includes additional defendant Jeannie Flemik, responsive for his suffering. Once this had been found out about the switching of plaintiffs [sic] pills, she, along with others had decided to put Lisa Bell on probation and to comply with the conditions cited earlier rather than lose her nursing license. When plaintiff had confronted Mrs. Flemik about the finding of Lisa Bell who was the prepetrator [sic] in this, Mrs. Flemik told plaintiff that "everyone deserves a second chance." Mrs. Flemik retained knowledge of the facts but yet approved the internal actions fo the administration to put Mrs. Bell on probation, minimizing the severity of said violation of state and constitutional laws against cruel and unusual punishment.[32]

Under the heading "Issue II: Eight Amendment Claim" plaintiff also argues that "defendants Dr. Leo Herman, Mrs. Lisa Bel [sic], and Mrs. Jeannie Flemik, had deliberate indifference to plaintiff's serious medical needs . . . ."[33]

As the court has already found that it will not permit plaintiff's proposed "Amended Complaint", attached as Exhibit 1 to plaintiff's Motion for Extension of Time (Doc. 78) to be filed as plaintiff's First Amended Complaint, the court will consider whether plaintiff's motion to add Dr. Herman and Ms. Flemik as defendants is proper.

**1.     Standard**

Pursuant to Fed. R. Civ. P. 15(a), once a responsive pleading has been filed, "a party may amend only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Courts generally deny leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed,

---

[31]Motion for Filing Out of Time (Doc. 78) at (Exhibit 1) p. 1.

[32]*Id.* at (Exhibit 1) p. 4.

[33]*Id.* at (Exhibit 1) p. 6.

9

or undue prejudice to the opposing party, or futility of amendment."[34] However, "[b]ecause plaintiff's motion was filed out of time, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a) in conjunction with the good cause standard of Fed. R. Civ. P. 16(b)."[35] In making this examination, courts in the District of Kansas have routinely held that "when considering a motion to amend filed after the deadline established in a scheduling order, the court must determine whether 'good cause' within the meaning of Fed. R. Civ. P. 16(b) has been sufficiently demonstrated to justify allowing the untimely motion and if the Fed. R. Civ. P. 15(a) standards have been satisfied."[36]

The Scheduling Order required any motions to join additional parties or otherwise amend the pleadings to be filed by May 10, 2007.[37] Plaintiff filed the instant motion more than three months after this deadline. As a result the court will apply both Rule 16(b) and Rule 15(a). As detailed below, under both the standards of Rule 16(b) and Rule 15(a), plaintiff's motion to add additional defendants is denied.

### 2. Rule 16(b)

Rule 16(b) states that a "schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The

---

[34]*Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citation omitted).

[35]*McCormick v. Medicalodges, Inc*., No. 05-2429-KHV, 2007 U.S. Dist. LEXIS 9363 at * 5 (D. Kan. Feb. 8, 2007).

[36]*Id.* at *5-6 (citing *Deghan v. Wal-Mart Stores, Inc*., 904 F. Supp. 1218, 1221 (D. Kan. 1995)(applying this two-party inquiry); *SIL- FLO-Inc., v. SFHC, Inc*., 917 F.2d 1507, 1518 (10th Cir. 1990); *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993)(same)).

[37]*See* Scheduling Order (Doc. 45).

movant seeking to extend a deadline in the parties' scheduling order must establish good cause by demonstrating that the movant could not have met the deadline with due diligence.[38] "Untimeliness alone is sufficient reason to deny leave to amend the complaint, especially if plaintiff fails to offer an explanation for the delay."[39] Moreover, "where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the motion to amend is subject to denial."[40]

Here, plaintiff's motion offers no justification as to why plaintiff did not timely file his motion to add these defendants. In addition, plaintiff has not demonstrated that plaintiff could not have met the May 10, 2007 deadline through due diligence. In fact, in plaintiff's proposed amended complaint, plaintiff notes that plaintiff "pointed out in his *original complaint* where Dr. Herman had came to plaintiff several times trying to ask him what he would take to drop his suit."[41] The court has reviewed plaintiff's original Complaint[42] and Amended Complaint[43] and found no reference to Dr. Herman. However, plaintiff discussed Dr. Herman at length in plaintiff's "Response" to defendant's Answer, filed February 12, 2007–three months *prior* to the May 10, 2007 deadline the

---

[38]*McCormick*, 2007 U.S. Dist. LEXIS 9363 at *6 (citing *Denmon*, 151 F.R.D. at 407; *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991); Advisory Committees' Notes to the 1983 amendments to Fed. R. Civ. P. 16).

[39]*Graphic Techs., Inc. v. Pitney Bowes, Inc.*, 998 F. Supp. 1174, 1181-82 (D. Kan. 1998).

[40]*Potts v. Boeing Co.*, 162 F.R.D. 651, 653 (D. Kan. 1995).

[41]Motion for Filing Out of Time (Doc. 78) at (Exhibit 1) p. 1.

[42]Complaint (Doc. 1).

[43]Amended Complaint (Doc. 11).

court would later set during the parties' scheduling conference[44] and memorialized in the parties' Scheduling Order.[45] In plaintiff's Response to defendants' Answer plaintiff alleges he "spoke with Dr. Herman, program administrator, on 4 separate occasions only to be slandered and threatened by saying that 'they' said this only happened for a couple of weeks. Then he said they think plaintiff is a drug seeker now. Then he stated that 'they' said that it doesn't matter because if they have to pay the plaintiff they will get it back by charging him for care and treatment."[46] Moreover, in plaintiff's original complaint he notes "I also went to head nurse 'Jeannie Flemik' and she told me to file a grievance on it, but I said our grievance system doesn't work because they don't get answered."[47]

As a result, the court finds that plaintiff knew of or should have known of the facts upon which plaintiff seeks to amend his complaint to add these additional defendants either prior to the filing of his complaint or at least prior to the deadline for filing motions to add parties. Plaintiff, with any sort of due diligence, could have sought to add these additional defendants before the May 10, 2007 deadline expired.

### 3. Rule 15(a)

Even under the more lenient Rule 15(a) standard permitting amendment, the court finds plaintiff's motion should be denied. Essentially, discovery in this case has concluded. The parties are mere days away from their final pretrial conference. Defendants have already filed a dispositive

---

[44] Minute Entry (Doc. 41).

[45] Scheduling Order (Doc. 45).

[46] Response (Doc. 35) at p. 11.

[47] Complaint (Doc. 1) at p. 5.

motion. Because plaintiff has filed this motion so late, and has offered no justification for his decision to do so, the court finds that allowing this amendment could cause undue dely to these proceedings and would unduly prejudice defendants.[48]

Accordingly,

IT IS THEREFORE ORDERED that plaintiff's Motion for Filing Out of Time (Doc. 70) his supplemental disclosures is granted.

IT IS FURTHERED ORDERED that defendants' Motion for Extension of Time (Doc. 75) to file their response to plaintiff's motion for contempt is granted. Defendants shall file their response to plaintiff's Motion for Contempt of Court (Doc. 74) within eleven (11) days of this order.

IT IS FURTHER ORDERED that plaintiff's Motion for Filing Out of Time (Doc. 78) and Motion to Including [sic] Additional Defendants (Doc. 79) are denied.

IT IS SO ORDERED.

Dated this 10th day of September, 2007, at Topeka, Kansas.

                                              s/ K. Gary Sebelius
                                              K. Gary Sebelius
                                              U.S. Magistrate Judge

---

[48]*Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citation omitted). *See e.g.*, *Aerotech Res., Inc. v. Dodson Aviation, Inc*., No. 00-2099-CM, 2001 U.S. Dist. LEXIS 5683 at *10-11 (D. Kan. April 23, 2001) (upholding magistrate judge's denial of motion to amend where such amendment would have caused undue delay and undue prejudice).