ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT BOATRIGHT,                )
                                 )
              Plaintiff,         )
                                 )
    vs.                          )
                                 )   Case No. 05-3183-JAR
LARNED STATE HOSPITAL, and       )
LISA BELL,                       )
                                 )
              Defendants.        )
                                 )

**MEMORANDUM AND ORDER**

Before the Court are the following motions filed by plaintiff Robert Boatright: (1) Petition for Class Action Pursuant to Fed. R. of Civ. Pr., Rule 23 (Doc. 71); (2) Motion to Appoint Class Action Counsel Pursuant) [sic] (to Fed. R. of Civil Procedures, Rule 23 "g") (Doc. 73); (3) Motion for Restraining Order (Doc. 72); (4) Second Motion for Leave to File Out of Time (Doc. 81); and (5) Second Motion to Include Additional Defendants (Doc. 82). The motions are now under advisement, and the Court is prepared to rule. As described more fully below, Larned State Hospital is dismissed from this case as a defendant,[1] and plaintiffs motions are denied. The Court further denies as moot defendant Bell's Motion to Stay Discovery (Doc. 56).

*Procedural History*

Plaintiff originally brought suit against Larned State Hospital and its employees, alleging constitutional violations pursuant to 42 U.S.C. § 1983. After conducting an initial screening of

---

[1]The Hospital appears to have also fulfilled any obligation it had as a non-party with respect to the Martinez report (Doc. 27).

plaintiff's Complaint, Judge G. Thomas Van Bebber granted plaintiff twenty days to amend the Complaint to avoid dismissal because Larned State Hospital is not an entity that is subject to suit.[2]  After receiving extensions of time to amend his Complaint, plaintiff filed an Amended Complaint adding Lisa Bell, a nurse at the hospital, as a defendant on February 27, 2006 (Doc. 11).  But plaintiff did not amend the Complaint to dismiss Larned State Hospital.  The Complaint, as amended, alleges the following claims against Larned State Hospital and Bell: (1) deliberate indifference to his serious medical needs when his pain medicine was withheld and replaced with medicine that he was allergic to; (2) violation of plaintiff's right against self-incrimination and right of privacy associated with the requirement that he sign a waiver of his constitutional rights, associated with the Sexual Predator Treatment Program at Larned State Hospital.  Plaintiff seeks both monetary and injunctive relief "from any further harassment or retaliation for filing the lawsuit."

*Motion for Filing Out of Time*

In a recent Order, Magistrate Judge Sebelius addressed a number of other motions by plaintiff, including requests for additional time to file an Amended Complaint.  In that Order, Judge Sebelius denied plaintiff's requests for additional time to amend his Complaint to add certain claims of damages and to add a number of defendants.  Judge Sebelius found that plaintiff was unable to show good cause why his motion was not timely filed, and that the amendment would cause undue delay and unduly prejudice defendants.  For the same reasons outlined in that Order, the Court denies plaintiff's Second Motion for Filing Out of Time (Doc. 81).

---

[2]*See, e.g.*, *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).

*Remaining Claims and Parties*

While plaintiff was informed early on in the suit that failure to add a party who was subject to suit would lead to dismissal of his Complaint, Larned State Hospital was never formally dismissed when Bell was joined as a defendant.[3]  Because state agencies are not considered "persons" under 42 U.S.C. § 1983, Larned State Hospital is immune from suit under the Eleventh Amendment.[4]  This immunity extends to state employees sued in an official capacity for monetary relief.[5]  Accordingly, the Court dismisses all claims against Larned State Hospital and any claim plaintiff may assert against Bell in her official capacity as a state employee.[6]

Plaintiff's remaining claims are only against Bell in her individual capacity;[7] the Amended Complaint indicates that Bell is a nurse at the Larned State Hospital who was involved in withholding his pain medication.  No allegation is made against Bell involving the self-incrimination or privacy claims, so those claims are dismissed in their entirety.  The Court conducts the following analysis of plaintiff's request for class action certification with these remaining claims in mind.

---

[3] Defendants assert in their response memorandum that these claims have been dismissed, but the Court finds no record of the dismissal.

[4] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Adams v. Neubauer*, 195 F. App'x 711, 713 (10th Cir. 2006).

[5] *See, e.g.*, *Ruiz v. McDonnell*, 299 F.3d 1173, 1180–81 (10th Cir. 2002).

[6] *See* 28 U.S.C. § 1915(e)(2)(iii) (providing that the district court shall dismiss a proceeding in forma pauperis at any time if the Court determines that the case seeks relief against a defendant who is immune from suit).

[7] The Court incorporates Judge Sebelius's analysis in his September 10, 2007 Order denying plaintiff's motion for leave to amend his Complaint and add additional defendants.  Allowing defendant the opportunity to add defendants at this late stage would cause undue delay and prejudice to defendant.

*Motion for Class Certification, Motion to Include Additional Defendants/Plaintiffs and Motion to Appoint Class Action Counsel*

In the motion for class certification, plaintiff seeks to join thirty-seven plaintiffs and have this case certified as a class action pursuant to Fed. R. Civ. P. 23. He has obtained and submitted the signatures of all thirty-seven individuals. Plaintiff argues that the first three individuals on the list have in common his allegations of Eighth Amendment violations and that the rest of the individuals have in common his allegations that the hospital violated his right against self-incrimination and right to privacy. Later, plaintiff filed a "Motion to Include Additional Defendants/Plaintiffs" (Doc. 82), where he attached the signatures of eighteen additional proposed plaintiffs. This later motion did not set forth any explanation of how these plaintiffs' claims are related to his own.

Rule 23 allows for a class action suit to be maintained if the following prerequisites are met:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.[8]

The party seeking class action certification "must show 'under a strict burden of proof that all four requirements are clearly met.'"[9]

First, plaintiff is unable to show numerosity, or that the class is so numerous that the joinder of members is impracticable. The only proposed plaintiffs that are stated to have claims

---

[8] Fed. R. Civ. P. 23(a).

[9] *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006) (quoting *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988)).

related to plaintiff's only remaining claim of deliberate indifference are the first three individuals in his initial motion. Certainly this number is not so great that joinder would be impracticable.

Next, the Court turns to the commonality requirement, which requires that the putative class members "possess the same interest and suffer the same injury."[10] The district court is to conduct a "rigorous analysis" before granting class certification due to potential unfairness that would ensue if it allowed for an overbroad class.[11]

Here, the plaintiff is unable to meet his burden of proof that the questions of law and fact are common to the putative class members. Plaintiff discusses the first three proposed plaintiffs in detail in his motion. He maintains that all three have complaints of deliberate indifference toward their serious medical needs by employees at the hospital. But the Court finds that this is insufficient to establish commonality. None of the allegations by these three individuals involve Bell, the only remaining defendant. Further, these three individuals all allege distinctly different fact patterns that would not make this case appropriate for class action certification. Plaintiff first alleges that he was neglected after a heart attack and suffered delays in necessary surgery. Plaintiff secondly alleges deliberate indifference after a slip and fall that caused a spinal injury. He alleges that his complaints of pain were ignored and left untreated and that he was forced to climb stairs while in severe pain. Finally, plaintiff complains of deliberate indifference stemming from his cancer treatment. He argues that medical staff refused to respond to his complaints of pain and that he was forced to over-exert himself despite the pain.

While all three proposed plaintiffs may allege deliberate indifference claims, they are not

---

[10]*Id.* (quoting *Gen. Tele. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982)).

[11]*Id.*

common factual claims and are not at all related to plaintiff's Eighth Amendment claim: that his pain medication had been purposely withheld from him and replaced with a medication that he was allergic to. These plaintiffs do not suffer the same interest or the same injury. He makes no "specific presentation identifying the question of law or fact that were in common."[12] Accordingly, because plaintiff is unable to show commonality within the putative class, or fulfill the numerosity requirement, his motion for class action certification is denied. Because the Court declines to certify this as a class action, appointment of class counsel is inappropriate and that motion is denied as well.[13]

*Motion for Restraining Order*

Plaintiff asks for an emergency restraining order prohibiting defendants from forcing him to comply with polygraph testing and from requiring him to complete a sexual history biography in conjunction with the SPTP program until the Court rules on the matters addressed in his Amended Complaint. As this Court has already explained, plaintiff's self-incrimination and right to privacy claims are dismissed because they are not made against the only remaining defendant in this matter. Therefore, plaintiff's motion for restraining order is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT**:

(1) Plaintiff's Petition for Class Action Pursuant to Fed. R. of Civ. Pr., Rule 23 (Doc. 71) is **denied.**

(2) Plaintiff's Motion to Appoint Class Action Counsel Pursuant) [sic] (to Fed. R. of Civil Procedures, Rule 23 "g") (Doc. 73) is **denied**.

---

[12]*Falcon*, 457 U.S. at 161. Moreover, plaintiff makes no attempt in his later motion to add plaintiffs to explain which claims they have in common with him.

[13]*See* Fed. R. Civ. P. 23(g).

(3) Plaintiff's Motion for Restraining Order (Doc. 72) is **denied**.

(4) Plaintiff's Second Motion for Leave to File Out of Time (Doc. 81) is **denied**.

(5) Plaintiff's Second Motion to Include Additional Defendants (Doc. 82) is **denied**;

and

(6) Defendant's Motion to Stay (Doc. 56) is **denied as moot.**

**IT IS SO ORDERED**.

Dated this 11th day of September 2007

                                                              S/ Julie A. Robinson
                                                              Julie A. Robinson
                                                              United States District Judge

*United States v. Boatright*, Case No. 05-3183, Memorandum and Order.