IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT BOATRIGHT,

                Plaintiff,

        v.                                    Case No. 05-3183-JAR

LISA A. BELL,

                Defendant.

## ORDER

These matters comes before the court on movant Richard A. Miller's Motion to Join and to Appoint Class Action Counsel (Docs. 90 and 86), Motion for Leave to Proceed In Forma Pauperis (Doc. 87), and Motion to Appoint Counsel (Doc. 88). Defendant Lisa Bell has filed a response to the motion for joinder. The time for additional briefing on these matters has expired.[1] As a result, these matters are fully briefed and ripe for disposition.

### I.    Background

Plaintiff, Mr. Boatright, is a person confined in the Sexual Predator Treatment Program at Larned State Hospital ("LHS") in Larned, Kansas, operated by Kansas Department of Social and Rehabilitation Services (SRS), and proceeds *pro se* alleging violation of 42 U.S.C. § 1983. Specifically, plaintiff seeks injunctive relief and damages stemming from allegations that between August and October 2004 defendant Lisa Bell, a nurse on staff at the Larned facility, stole plaintiff's narcotic medication and substituted Tylenol for treatment of plaintiff's pain. Plaintiff claims this conduct, as well as the delay and inappropriate attention by other staff to his complaints, constitutes deliberate indifference to his serious medical needs.

On August 23, 2007, the movant Richard Miller filed a Complaint, Motion for Leave to

_____

[1]*See* D. Kan. Rule 6.1(d).

Proceed in Forma Pauperis and a Motion to Appoint Counsel.  The movant's Complaint, entitled "Joinder Complaint Class Action Allegation" stated in part "Plaintiff seeks to join the above and forgoing cause of action case no 05-3181-JAR." The Clerk's office filed plaintiff's Complaint and accompanying materials as its own cause of action, Case No. 07-3221-SAC.

On September 10, 2007, for reasons of undue delay and prejudice to defendant, the undersigned denied plaintiff's Motion to Including [sic] Additional Defendants (Doc. 79). On September 11, 2007, the honorable Julie A. Robinson also denied plaintiff's Petition for Class Action Pursuant to Fed. R. of Civ. Pr., Rule 23 (Doc. 71), Motion to Appoint Class Action Counsel Pursuant) [sic] (to Fed. R. of Civil Procedures, Rule 23 "g") (Doc. 73), Motion for Restraining Order (Doc. 72), Second Motion for Leave to File Out of Time (Doc. 81); and Second Motion to Include Additional Defendants (Doc. 82).  As to plaintiff's Motion for Class Certification, Motion to Include Additional Defendants/Plaintiffs and Motion to Appoint Class Action Counsel Judge Robinson denied plaintiff's attempt to join thirty-seven plaintiffs and to have this case certified as a class action under Rule 23.  Plaintiff's motions did not list Mr. Miller as one of the would-be additional plaintiffs. Judge Robinson's Order also dismissed all claims against Larned State Hospital and any claim plaintiff may assert against defendant Lisa Bell (Ms. Bell") in her official capacity as a state employee.[2]

On September 14, 2007, the movant Richard Miller sent a letter to the Clerk of the Court, styled as a "Motion to Join, Motion to Certify Class and Motion to Appoint Class Action Counsel" by the Clerk's office, and stated the following:

My complaint was filed on August 23, 2007 and assigned the above mentioned case number,

_____

[2]*See* Memorandum and Order (Doc. 85) at p. 3.

[07-3221-SAC], My complaint was entitled JOINDER COMPLAINT-CLASS ACTION ALLEGATIONS, I request to join case number 05-3181-JAR and request class certification and appoint Class action counsel.

I do not understand the reason I was given a new and different case number then [sic] the case number of the action I ask to join into.  Would you look into this and answer my question, I thank you for your time and attention, thank you. [3]

On September 18, 2007, the Honorable Sam A. Crow addressed Mr. Miller's Complaint and pending motions in Case No. 07-3221-SAC.  Judge Crow noted that Mr. Miller's Complaint and "Motion for Joinder" referenced 05-3181-JAR, a closed habeas corpus action, rather than 05-3183-JAR the instant pending action.  Judge Crow interpreted Mr. Miller's "complaint and motions" as plaintiff's intent to file a "Motion for Permissive Joinder" in the instant action.  The court then dismissed Case No. 07-3221-SAC without prejudice and directed the clerk to "make copies of the complaint and attachments and to file the copies as a Motion for Joinder Pursuant to Rule 20, FRCP, in Case No. 05-3183" and "to make copies of plaintiff's motions filed herein and file the copies as motions in Case No. 05-3183." Judge Crow also:

> denie[d] plaintiff's request for class certification in this new, separate action, for the reason that he does not allege the prerequisites to a class action set forth in Rule 23, FRCP. Nor does he provide information which would allow this court to order class certification as provided in subsection (c) of Rule 23. Since the court denies certification at this time, it also denies plaintiff's request for appointment of class counsel herein.[4]

## II.    Discussion

As a general matter, the court is mindful that the movant is proceeding *pro se* and thus his filings should be liberally construed and held to a less stringent standard.[5]  This requires the court

---

[3]See Motion (Doc. 90); Case No. 07-3221-SAC (Doc. No. 5).

[4]*See* Case No. 07-3221-SAC, Memorandum and Order (Doc. 7) at p. 2.

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

look past any confusion of legal theories or a failure to cite proper legal authority.[6]  Despite this

liberal construction, "the court will not construct arguments or theories for the [movant] in the

absence of any discussion of those issues."[7]

      **Motion to Join and to Appoint Class Action Counsel (Docs. 90 and 86) and Motion to**
      **Appoint Counsel (Doc. 88).**

The movant's "Joinder Complaint Class Action Allegation" titled as a "Motion for Joinder"

by the clerk's office states "Plaintiff seeks to join the above and forgoing cause of action case no.

05-3181-JAR and request class certification under Rule 23(b)(2)."[8]  The rest of this "Joinder

Complaint" appears to act as a complaint against defendants related to Larned State Hospital, but

does not list Lisa A. Bell as a defendant

Based on Judge Crow's previous order, the court interprets the movant's Complaint and

"Motion for Joinder" as a request for permissive joinder, pursuant to Rule 20.  Rule 20(a), provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly,
> severally, or in the alternative in respect of or arising out of the same transaction,
> occurrences, or series of transactions or occurrences and if any question of law or fact
> common to all these persons will arise in the action.

Rule 20 sets out a two-part test for joinder: (1) whether the claims against defendants arise out of

the same transaction or occurrence; and (2) whether there are common questions of law or fact to

all defendants.

The purpose of Rule 20(a) is "to promote trial convenience and expedite the final

---

[6] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[7] *Id*.

[8] (Doc. 86) at p. 1.

determination of disputes, thereby preventing multiple lawsuits."[9]  "'Transaction is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'"[10] Generally, "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court."[11]

Here, the court finds that despite the broad nature of permissive joinder, joinder of the movant is not appropriate in this case because plaintiff Boatright and Mr. Miller seek different claims against different defendants that do not arise out of the same transaction or occurrence. Plaintiff's "Amendment to Complaint" adds Lisa Bell as a defendant as she is "responsible for plaintiffs [sic] pain and suffering when his medication was stolen."[12]  Plaintiff's original complaint alleges "cruel and unusual punishment . . . when the person who was stealing my pills totally disregarded my life and health/ to include medical malpractice in violation of my patient rights under federal law."[13]

The Honorable Julie A. Robinson liberally construed plaintiff's pleadings as also alleging a claim for "violation of plaintiff's right against self-incrimination and right of privacy associated with the requirement that he sign a waiver of his constitutional rights, associated with the Sexual

---

[9]*DIRECTV, Inc. v. Barrett*, 220 F.R.D. 60, 631 (D. Kan. 2004).

[10]*Id.* (citations omitted).

[11]*Id.* (citing Wright, Federal Practice and Procedure § 1653).

[12]Amended Complaint (Doc. 11).

[13]Complaint (Doc. 1).

Predator Program" at LSH.  However, because Judge Robinson dismissed all claims against LHS and any claim plaintiff asserted against defendant Bell in her official capacity, and since "[n]o allegation is made against Bell involving the self-incrimination or privacy claims" Judge Robinson dismissed plaintiff's violation of self-incrimination and privacy claims in their entirety.[14]  As a result, plaintiff's only remaining claim is a § 1983 claim against defendant Bell in her individual capacity regarding her alleged tampering with his medication.

In turn, Richard Miller's "Joinder Complaint" make no allegation regarding tampering with his medication.  Rather, Mr. Miller alleges Don Jordan, Secretary of Social Rehabilitation Services for the Sexual Predator Treatment Program, Mark Schutter, administrator of the Sexual Predator Treatment Program, and Phill [sic] Ledford, polygrapher [sic] from the Sexual Predator Treatment Program violated  his "constitutional right against self incrimination, privacy, equal protection and due process afforded by all citizens under the Fourteenth Amendment" by administrating polygraph examinations.[15]

Accordingly, the court finds that plaintiff and movant Miller's claims will not overlap in proof or testimony and fail to meet even the broad requirements of (1) arising out of the same transaction or occurrence; and (2) the existence of common questions of law or fact to all defendants.

Even if the court were to find permissible joinder appropriate in this case, the undersigned

---

[14]Order (Doc. 85).

[15]*See* Joinder Complaint Class Action Allegations (Doc. 86).

has already found,[16] and Judge Robinson has already agreed,[17] that to allow an amendment of pleadings at this late stage would cause undue delay and prejudice to defendant Bell.  To allow movant Miller to join the instant action although alleging separate claims against unrelated defendants at this late stage would certainly cause defendant Bell undue prejudice and would unnecessarily delay the resolution of the instant action.

**Movant's Motion for Leave to Proceed In Forma Pauperis (Doc. 87)  Motion to Appoint Counsel (Doc. 88).**

As the court has found permissive joinder under Rule 20 and amendment to plaintiff's pleading inappropriate, the movant's Motion for Leave to Proceed In Forma Pauperis (Doc. 87) and Motion to Appoint Counsel (Doc. 88) in this case are denied.  If Mr. Miller wishes to pursue his claims in federal court he is free to do so, but they must be in a separate action and in conformity with the Federal Rules of Civil Procedure and the Rules of this District.

Accordingly,

IT IS THEREFORE ORDERED movant Richard A. Miller's Motion to Join and to Appoint Class Action Counsel (Docs. 90 and 86) are denied.  The movant's  Motion for Leave to Proceed In Forma Pauperis (Doc. 87) and Motion to Appoint Counsel (Doc. 88) are denied

.   IT IS SO ORDERED.

Dated this 12th  day of October, 2007, at Topeka, Kansas.

 s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[16]*See* Order (Doc. 83).

[17]Memorandum and Order (Doc. 85) at p.  3 n. 7 ("Allowing [plaintiff] the opportunity to add defendants at this late stage would cause undue delay and prejudice to defendant.").