ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT BOATRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 05-3183-JAR |
| ) | |
| LISA BELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's Motion for Contempt of Court (Doc. 74). In this motion, plaintiff accuses defendant of "sabotaging" his efforts at mediation in this matter by failing to comply with the Scheduling Order, which required the parties to take certain steps toward settlement of the case. Defendant has responded and attached to her response evidence of her attempts to communicate with plaintiff regarding settlement issues (Doc. 84). As described more fully below, the Court denies plaintiff's motion for contempt of court.

The Scheduling Order mandated that plaintiff submit a good faith settlement proposal on April 30, 2007 and that defendant respond by May 18, 2007. In March 2007, defendant declined plaintiff's settlement proposal in writing. Defendant explained that plaintiff's proposal, which involved him being discharged from the Sexual Predator Treatment Program at Larned State Hospital, was not feasible for a number of legal and policy reasons set forth in that correspondence (Doc. 84, Ex. 2.)

The Scheduling Order also required each party to submit a confidential settlement report to Magistrate Judge Sebelius by May 30, 2007. These reports were to include "an indication

concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in the ADR process." The Scheduling Order further provides that after Judge Sebelius received the confidential settlement reports, he would contact the parties regarding appointment or designation of a mediator and that the court "may" order participation in an ADR process. Defendant represents that she submitted a confidential settlement report explaining to Judge Sebelius that plaintiff's settlement proposal involving his discharge from Larned State Hospital had rendered settlement possibilities non-existent. There is no indication in the record that the court contacted the parties regarding further mediation efforts and the Pretrial Order states that "Mediation is not ordered." (Doc. 95).

As the moving party, plaintiff has the burden of showing by clear and convincing evidence that a valid court order existed, that defendant had knowledge of the order and that the defendant disobeyed the order.[1] Plaintiff is unable to meet his burden of showing by clear and convincing evidence that defendant disobeyed the provision in the Scheduling Order involving settlement efforts. Plaintiff urges that defendant's counsel should have made a greater effort to confer with him about mediation by phone. But this was not required by the Scheduling Order. The Court has reviewed the correspondence attached to defendant's motion and agrees that she complied with the Scheduling Order. Accordingly, an order of contempt is not warranted and plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Contempt of Court (Doc. 74) is denied.

**IT IS SO ORDERED**.

---

[1] *See, e.g.*, *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

Dated this 26<u>th</u> day of March 2008.

<u> S/ Julie A. Robinson </u>
Julie A. Robinson
United States District Judge

*United States v. Boatright*, Case No. 05-3183, Memorandum and Order.